FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**TAMPA** DIVISION

2018 JUN 22 PM 12: 35

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**LARRY R. MARSHALL,**

      **PLAINTIFF**

V.

CASE NO. 8:18-cv-1510-T-36AAS

**DEBORAH CLARK,**
**SUPERVISOR OF ELECTIONS,**
**PINELLAS COUNTY, FLORIDA, and**

**KEN DETZNER,**
**FLORIDA SECRETARY OF STATE,**

      **DEFENDANTS**

**COMPLAINT FOR A DECLARATORY JUDGMENT AND PERMANENT INJUNCTION**

**COUNT I**

**PARTIES**

    Comes Now, Larry R. Marshall, Plaintiff herein, and for Count I of his cause of action against Deborah Clark and Ken Detzner, Defendants herein, states and alleges as follows:

1. Larry R. Marshall, Plaintiff herein, is a resident of Palm Harbor, Pinellas County, Florida, living at 2198 Clover Hill Rd., Palm Harbor, Florida and a registered voter in the State of Florida and is interested in running for Congress.

2. Deborah Clark, is the Supervisor of Elections for Pinellas County, Florida, with principal offices in Largo, Pinellas County, Florida and as such, is responsible for administering

1

the election laws of the State of Florida in Pinellas County, Florida, including, but not limited to, the laws requiring registered voters to declare their preference for the Democratic or Republican Party and the law setting the deadline for signatures and fees necessary to have a candidate or Party placed on the primary or general election ballot.

3.Ken Detzner, is the Secretary of State of the State of Florida, with offices in Tallahassee, Florida and as such is responsible for the oversight and implementation of the election laws of the State of Florida, on a state wide basis, including, but not limited to, the laws requiring registered voters to declare their preference for a Democratic or Republican Party ballot and the laws setting the deadline for filing signatures and paying fees necessary to have a candidate or a party placed on the primary or general election ballot.

## JURISDICTIONAL STATEMENT

4.The United States District Court has jurisdiction of this case under Article III, Section 2 because this case involves interpretation of Article I, Section 4, Clause 1, of the Constitution of the United States regarding the authority of the various states to control elections under said Article. Further this case involves the rights of Plaintiff and others to free speech and freedom of association, as guaranteed by the First Amendment to the Constitution of the United States and the protection of said rights against state interference as guaranteed by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

## GENERAL ALLEGATIONS

5. Section 101.021 F.S. requires a closed primary election, which requires that a voter must register as a Democrat or Republican at least thirty (30) days before the Primary Election to be eligible to vote in said election and makes it unlawful to vote for any party other than that in which the voter has registered, but provides no penalty for such unlawful act.

6. Section 104.41 F.S. establishes that any violation of the Florida election code for which no penalty is provided is a first degree misdemeanor, punishable pursuant to Section 775.082 F.S.

7. Section 775.082 F.S. 6 (A) (a) provides that any person convicted of a first degree misdemeanor, is punishable by a "definite term of imprisonment not exceeding 1 year".

8. Pursuant to Florida procedures, the name of a write-in candidate will not appear on the Primary Election ballot or the General Election ballot.

9. Plaintiff has been further advised that no vote in the Primary Election, by a voter with a Democratic Party ballot or a Republican Party ballot for an independent candidate or a third party candidate will be counted.

10. There is no compelling state interest that requires Plaintiff or any voter to declare his preference for the Democratic Party ballot or the Republican Party ballot in order to cast a vote in the Primary Election.

11. The primary purpose in requiring voters to select either a Democratic Party ballot or a Republican Party ballot is to maintain such parties in power and to make it as difficult as possible for an independent candidate or a third party

candidate to get on the ballot.

12. To disenfranchise Plaintiff and other independent voters for the Primary Election is not the least drastic means to accomplish the State's purpose.

13. To require Plaintiff or any other voter to declare their preference for either the Democratic Party or the Republican Party is a violation of the rights of Plaintiff and other independent voters to free speech and freedom of association as guaranteed by the First Amendment to the Constitution of the United States and as guaranteed against state action by to the several states, including Florida, by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**WHEREFORE,** Plaintiff prays the Court to conduct a hearing and after said hearing to enter its Order as follows:

A Declaring Section 101.021 F.S. and the Florida laws requiring a closed primary is unconstitutional as administered by Defendants, and a violation of Plaintiff's right to free speech and freedom of association as guaranteed by the First Amendment to the Constitution of the United States and as protected from state action by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

B. Declaring the penalty provisions as set out in Section 101.021 F.S., Section 104.41 F.S. and Section 775.082 6 (4) (a) are a violation of the rights of Plaintiff and other independent voters to free speech and freedom of association as guaranteed by the First

Amendment to The Constitution of the United States and protected against state action by the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

C. Entering a Preliminary Injunction and a Permanent Injunction, enjoining Defendants and each of them from implementing and enforcing Section 101.021 F.S and the Florida laws requiring a closed primary and requiring Plaintiff and any voter to declare allegiance to either the Democratic or Republican Party, and

D. Entering a Preliminary Injunction and a Permanent Injunction, enjoining Defendants and each of them from enforcing the penalty provisions of Section 101.021 F.S., Section 104.41 F.S. and 775.082 6 (A) (a) F.S. and

E. Requiring a universal ballot as in the General Election or requiring Defendants and each of them to place an additional column in both the Democratic Primary ballot and the Republican Party ballot for Plaintiff and other independent voters to vote for Plaintiff or someone other than the candidate listed on the respective Democratic Party ballot or the Republican Party ballot for the office in question, and

for his costs herein expended and for such other and further relief as to the Court may seem just and proper.

## COUNT II

Comes Now, Plaintiff, and for Count II of his cause of action against Defendants Deborah Clark and Ken Detzner, and each of them, states and alleges as follows:

5

14. Plaintiff adopts and re-alleges as though fully set out herein, each and every allegation contained in paragraphs 1 through 13 of Count I of this Petition.

15. Section 99.095 (3) F.S. and the Election laws of the State of Florida, require that a Petition with signatures for the purpose of placing an independent candidate or a third party candidate on the ballot for the Primary election must be filed on or before May 4, 2018 in order to qualify for the Primary election on August 28, 2018 and the General Election on November 6, 2018.

16. Plaintiff has been advised that no Petition with signatures for the purpose of placing a third party candidate or for placing an independent candidate on the Primary Election ballot for August 28, 2018 or the General Election ballot for November 6, 2018, will be accepted after May 4, 2018.

17. Section 105.031 F.S. and the election laws of the State of Florida require that fees necessary for a Party or a candidate to be placed on the Primary Election ballot must be paid by May 4, 2018 in order to for the Primary Election on August 28, 2018 or the General Election on November 6, 2018.

18. Plaintiff has been advised that no fees for placing a third party candidate or an independent candidate on the Primary Election ballot will be accepted after May 4, 2018.

19.. There is no compelling state interest to require Plaintiff or any independent candidate or third party candidate to present a Petition with signatures on or before May 4, 2018 in order to place his name on the ballot for the Primary Election on August 28, 2018 or the

General Election scheduled for November 6, 2018.

20. There is no compelling State interest to require Plaintiff or any Party or candidate to pay the fees by May 4, 2018 necessary to be placed on the Primary Election ballot for August 28, 2018 or the General Election ballot on November 6, 2018.

21. The deadlines for filing petitions and paying fees as set out in the aforesaid state laws are not the least drastic means by which the Defendants and the State of Florida may accomplish their purpose.

22. There are fourteen (14) states who have their primary election in August or September and are able to prepare for their Primary Election and General Election on November 6, 2018, without requiring such Petitions to be filed on or before May 4, 2018. See Exhibit A attached hereto and incorporated herein by reference as though fully set out herein.

23. There are nineteen (19) states who have their primary election in May or June of 2018, who are able to prepare for their Primary Election or General Election on November 6, 2018 without requiring such Petitions to be filed as far in advance as Section 99.095(3) F.S. and Section 105.031 F.S. require. See Exhibit B attached hereto and incorporated herein by reference as though fully set out herein.

26. While population may or may not be a basis for requiring such early deadline in some political races, there is no such justification for United States Congressional elections, where the population requirement is set by law and is fundamentally the same state by state.

7

**WHEREFORE**, Plaintiff prays the Court to conduct a hearing and after such hearing to enter its Order as follows:

A Declaring Section 99.095(3) F.S. and the laws of the State of Florida requiring Plaintiff or any independent or third party candidate to file Petitions with signatures by May 4, 2018 in order for his name to be placed on the ballot for the Primary Election on August 28, 2018 or the General Election on November 6, 2018, to be unconstitutional and a violation of Plaintiff's right of free speech and right of freedom of association as guaranteed by the First Amendment to the Constitution of the United States and as protected against state action by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States

B. Declaring Section 105.031 F.S. and the laws of the State of Florida requiring Plaintiff or any independent candidate or third party candidate to pay fees necessary to place them on the Primary Election ballot on August 28, 2018 or the General Election ballot on November 6, 2018, to be unconstitutional and a violation of the right of Plaintiff and others to free speech and freedom of association as guaranteed by the First Amendment to the Constitution of the United States, and protected against state action by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United states.

C. Enjoining Defendants and each of them, from implementing and enforcing Section 99.095 (3) F.S. and the laws of the State of Florida requiring Plaintiff or any independent

candidate or third party candidate to submit petitions with signatures by May 4, 2018 necessary to place the name of Plaintiff or any independent candidate or third party candidate on the ballot for the Primary Election on August 28, 2018 and the General Election on November 6, 2018.

D. Enjoining Defendants and each of them, from enforcing Section 105.031 F.S. and the laws of the State of Florida requiring Plaintiff or any independent candidate or third party candidate to pay fees by May 4, 2018 necessary to place their name on the ballot for the Primary Election on August 28, 2018 and the General Election on November 6, 2018.

E. Setting August 15, 2018 as the deadline by which Plaintiff must pay the necessary fees required by Section 105.031 and July 21, 2018 as the deadline to file petitions with signatures as required by Section 99.095 (3) F.S. in order for Plaintiff to be placed on the ballot for the Primary Election on August 28, 2018 and the General Election on November 6, 2018, and

for his costs herein expended and for such other and further relief as to the Court may seem just and proper

## COUNT III

Comes Now, Plaintiff, and for Count III of his cause of action against Defendants Deborah Clark and Ken Detzner, and each of them, states and alleges as follows:

26. Plaintiff adopts and re-alleges as though fully set out herein each and every allegation contained in paragraphs 1 through 13 of Count I of this Petition.

25. Plaintiff adopts and re-alleges as though fully set out herein each and every allegation contained in paragraphs 14 through 24 of Count II of this Petition.

27. Plaintiff has been advised that if he or others select either a Democratic or Republican ballot and vote for Plaintiff or someone other than the individual printed on the Democratic or Republican ballot, that said vote will not be counted.

28. To refuse to count Plaintiff's vote for himself or the vote of others who choose to vote for Plaintiff or other than the Democratic or Republican candidate is to deny Plaintiff and others their First Amendment rights of free speech and freedom of association as guaranteed by the First Amendment to the Constitution of the United States and as guaranteed against state action by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States

**WHEREFORE,** Plaintiff prays the Court to conduct a hearing and after said hearing to enter its Order as follows:

A. Declaring Section 101.021 and the laws of the State of Florida demanding Plaintiff or any other voter to choose between the Democratic or Republican ballot are unconstitutional and a violation of the right of Plaintiff and other voters to free speech and freedom of association as guaranteed by the First Amendment to the Constitution of the United States, and as protected against state action by the Due Process Clause and the Equal Protection Clause of the Constitution of the United States, and

B. Enjoining Defendants and each of them from implementing and enforcing Section 101.021 F.S. and the laws of the State of Florida which require Plaintiff or any other voter to choose between the Democratic or Republican ballot, and

C. Enjoining Defendants and each of them from refusing to count the vote of Plaintiff for himself and the votes of others for Plaintiff and to count all votes for Plaintiff as votes cast for him and not as a vote for a Democratic or Republican Candidate, and

D. Declaring that should Plaintiff receive 5125 votes in the Florida Primary Election on August 28, 2018, his name shall appear on the General Election ballot on November 6, 2018, and

for his costs herein expended and for such other and further relief as to the Court may seem just and proper.

Respectfully submitted,

*Larry R. Marshall*

Larry R. Marshall, pro se
Attorney at Law
2198 Clover Hill Rd.
Palm Harbor, FL 34683
727-940-4505 (h)
727-212-1743 ©
lrmarshall37@hotmail.com
Missouri Bar #18168

11

STATE OF FLORIDA

COUNTY OF PINELLAS

Now on this 22nd day of June, 2018, personally appeared before me Larry R. Marshall, personally known by me and who acknowledged that he is the Plaintiff in the above Complaint and he has personally prepared said Complaint and that the facts contained in said Complaint are true and correct to the best of his knowledge and belief.

_____
Notary Public

My Commissions expires: 6-21-2020

SUSAN A. REYNOLDS
Notary Public - State of Florida
Commission # GG 004504
My Comm. Expires Jun 21, 2020
Bonded through National Notary Assn.