UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY R. MARSHALL,

    Plaintiff,

v.                                                        Case No: 8:18-cv-1510-T-36AAS

DEBORAH CLARK and KEN DETZNER,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion for Temporary Restraining Order (Doc. 2), filed on June 22, 2018. In the motion, Plaintiff states that he is entitled to a temporary restraining order to change the laws in Florida regarding his participation in primary and general elections. The Court, having considered the motion, being fully advised in the premises, and concluding that it does not warrant the extraordinary relief requested, will deny Plaintiff's Motion for Temporary Restraining Order.

    **I.    BACKGROUND**

On June 22, 2018, Plaintiff, Larry R. Marshall[1], proceeding *pro se*[2], filed his Complaint against Defendants Deborah Clark, Supervisor of Elections, Pinellas County, Florida and Ken

---

[1] Marshall is an attorney admitted to The Missouri Bar.

[2] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 3:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

Detzner, Florida Secretary of State. Doc. 1. According to the Complaint, Plaintiff is a registered voter in Florida and is interested in running for Congress. *Id*. at ¶ 1. He alleges that this case pertains to the State of Florida's constitutional authority to control elections under Article I, Section 4 of the United States Constitution, and violations of his freedom of speech and association under the First Amendment. *Id*. at ¶ 4.

Marshall asserts that he is an independent voter, and as such, he cannot fully participate in elections because Florida requires voters to register as Democrats or Republicans to participate in primary elections. *Id*. at ¶ 5. And Florida law makes it unlawful to vote for the party other than the one for which the voter registered. *Id*. Therefore, under Florida Statutes Section 104.41 and 775.082, Marshall alleges that voting against your registered party is a misdemeanor punishable for a term not exceeding one year. *Id*. at ¶¶ 5-6. Further, he alleges that the Supervisor of Elections will not count a vote for an independent candidate in a primary election. *Id*. at ¶ 9. Plaintiff alleges that the State of Florida has no compelling interest to require voters to declare a political party preference in advance of, and as a prerequisite to, voting in a primary election. *Id*. at ¶ 10. He maintains that this process ultimately makes it difficult for an independent or third-party candidate to appear on the ballot. *Id*. at ¶ 11.

Plaintiff requests that the Court conduct a hearing and declare Florida Statute Section 101.021, and other state laws requiring a closed primary election, unconstitutional as administered and violative of his rights to free speech and freedom of association under the First and Fourteenth Amendments to the United States Constitution. *Id*. at ¶¶ 13, 26[3] (sic), 28. He also requests that the Court declare the penalty provisions violative of his constitutional rights. *Id*. And he requests a

---

[3] Several of the paragraphs within the Complaint and Motion are mis-numbered. *See, e.g.,* Doc. 1 at ¶¶ 25, 26; Doc. 2 at ¶¶ 17, 18. The Court will use the numbering assigned in the operative pleadings for consistency.

preliminary and permanent injunction against enforcement of the aforementioned laws. *Id*. Last he requests that the Court enter an order requiring a universal ballot in the general election, and for costs and further relief as the Court deems proper. *Id*. The Complaint is verified. *Id*. at 12.

In his motion, Plaintiff challenges the May 4, 2018 deadline to submit the required signatures to get on the ballot for the primary and general elections. Doc. 2 at ¶ 4. He argues that the State of Florida has no compelling interest in setting these early deadlines and it is not the least drastic means to regulate elections. *Id*. at ¶ 5. He asks that the Court set a new deadline for July 31, 2018, to obtain the necessary signatures. *Id*. at ¶ 6. He also requests that the Court change the fee deadline from May 4, 2018, to August 15, 2018. *Id*. at ¶ 9.

Plaintiff alleges irreparable damage because any independent or third party candidate will be forever barred from participating in the August 28, 2018 primary election and the November 6, 2018 general election. *Id*. at ¶ 12. He further alleges in his motion that if he has to go through the normal pleading process, i.e., serving process and providing notice to the Defendants, there will be insufficient time for independent voters to register for the primary election in August. *Id*. at ¶ 17. He states that "[a]n analysis of the law as applied to the facts of this case suggest Plaintiff is likely to succeed on the merits of the case." *Id*. at ¶ 17 (sic). And he states that he has "talked" to the offices of the Secretary of State and the Supervisor of Elections. *Id*. at ¶ 18 (sic).

II. **LEGAL STANDARD**

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸ 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994). And although the Court liberally construes filings by *pro se* plaintiffs, the plaintiffs must still comply with the Federal Rules of Civil Procedure and the Court's Local Rules.

*See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Certainly, in a case like this one where the Plaintiff is an attorney admitted in a different state, the Court's construction of the pleadings will not be as liberal as that of a non-attorney. *See id.*

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Similarly, the Local Rules of the Middle District of Florida provide that a party seeking a temporary restraining order must show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible[,]" including the reason that notice cannot be given. M.D. Fla. L. R. 4.05(b)(2) and (4). Finally, before the Court may grant either a temporary restraining order or a preliminary injunction, the moving party must post security "in an amount ... to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

### III. DISCUSSION

Rule 65 of the Federal Rules of Civil Procedure provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

4

>     (B) the movant's attorney certifies in writing any efforts made to give notice and
>     the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). And the Middle District of Florida Local Rules require that a motion for a temporary restraining order "be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P." M D. Fla. L. R. 4.05(b)(3).

Plaintiff has not complied with Rule 65 and the Local Rules. Although Plaintiff indicates that he spoke to the offices of the Defendants prior to filing the Motion, his description of the efforts are insufficient. He neither states with whom he spoke or when, nor does he indicate whether he specifically informed the offices that he was seeking a temporary restraining order. *See* Doc. 2 at ¶ 18. And although he alleges that the primary election is in August which creates a short time frame for the Court to take action, he has not established why service of process and notice to the Defendants should not be required *at all* prior to entry of a temporary restraining order. Further, Plaintiff's Complaint was filed on June 22, 2018, seven weeks *after* the May 4, 2018 deadlines about which he complains.[4] Plaintiff fails to clearly show that immediate and irreparable injury, loss, or damage will result to him before Defendants may be heard in opposition. *See* Fed. R. Civ. P. 65(b); M.D. Fla. L. R. 4.05(b). The Court will not issue a temporary restraining order without notice. Therefore, Plaintiff's Motion for a Temporary Restraining Order will be denied.

The denial of Plaintiff's Motion for a Temporary Restraining Order is without prejudice to Plaintiff seeking a preliminary injunction, if he so chooses. To the extent Plaintiff wishes to pursue

---

[4] As alleged in his motion, Plaintiff was required to file a Petition with the necessary signatures or pay the filing fee by May 4, 2018 in order to be placed on the ballot for the primary election on August 28, 2018. *See* Doc 2 at ¶¶ 4, 7.

a preliminary injunction, he must serve the Defendants as set forth in Rule 4, Fed. R. Civ. P. and give notice to the Defendants. *See* Fed. R. Civ. P. 65(a)(1); M.D. Fla. L. R. 4.06(a).

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 26, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any